UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEWARK, NEW JERSEY

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 AUG 25 P 3:29

Plaintiff(s)

ELEANOR M. COONEY, As Executrix
of the Estate of Daniel T. Cooney, Jr.,
Deceased, and ELEANOR M. COONEY,
ELEANOR SCHIANO, HELEN E. COONEY
MUELLER, DANIEL T. COONEY, III and
ROBERT COONEY, individually,

DOCKET NO.: 04-CV-1272 (JLL)

vs.

Defendant(s)

ROBERT E. BOOTH, JR., M.D., ARTHUR R.
BARTOLOZZI, M.D., and 3B ORTHOPAEDICS,
P.C./PENN ORTHOPAEDICS and ROBERT E.
BOOTH, JR., M.D., ARTHUR R. BARTOLOZZI,
M.D., 3B ORTHOPAEDICS, P.C./PENN
ORTHOPAEDICS, Personally.

*CIVIL ACTION*

## CROSS MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that plaintiffs by counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, cross-move the court to grant summary judgment on their complaint against the defendants and deny defendants' motion for summary judgment. Complaint alleges and requests relief in the form of monetary damages for fraud and/or to set aside the March, 2001 judgments rendered in favor of defendants. The evidence set forth in the pleadings, affidavit of undisputed facts, and other designated evidence attached hereto in Appendix and incorporate herein, establish that there are no genuine issues of material fact and that plaintiffs are entitled to judgment as a matter of law against defendants.

Plaintiffs have alleged fraud by the defendants. As more fully developed in the accompanying Brief, the evidence set forth in the pleadings,

Statement/Affidavit of undisputed facts, and other designated evidence attached hereto in Appendix, establishes that defendants committed fraud and that plaintiffs are entitled to judgment as a matter of law against defendants. Plaintiffs request summary judgment on Complaint in the form of fraud and/or to set aside March, 2001 judgments in favor of defendants.

PLEASE TAKE NOTICE that plaintiffs also respectfully request that they be permitted to submit Supplemental Appendix when receive Protective Order from this Court and subsequent redacted top portion of Intraoperative Reports from Graduate Hospital for all patients on February 26, 1998.

In response to defendants' motion for summary judgment plaintiffs aver as follows:

1. Admit.

2-3. Denied.

4. Denied. Defendants omit that there was a vascular injury to Cooney's popliteal artery during knee replacement and that it was Cooney's cardiologist who contacted vascular surgeon and not orthopaedic defendants.

5. Denied.

6-7. Admit.

8. Denied - in that alleged Fraud was for misrepresentation of true nature of Cooney's condition in that defendant, Booth, falsely informed plaintiffs that Cooney suffered from "blood clot" when he knew that Cooney suffered from vascular injury that occurred during knee replacement surgery - see plaintiffs' Statement of undisputed facts and Appendix.

9-10. Admit.

11. Denied. Booth testified as to other actions versus Booth. Booth testified that there were only civil actions pending versus Booth while Medicare

Fraud investigation was both criminal/civil. Booth also denied any federal actions, see plaintiffs' Statement of Undisputed Facts and Booth deposition, Appendix.

12. Admit.

13. Denied. Mueller did not testify that she informed Mantell about Medicare Fraud versus Booth but rather Mueller testified that Mantell informed former plaintiffs' attorney, Louis Fine, that Booth was being investigated for Medicare Fraud and asked Mantell if this was true. Mantell denied - see plaintiffs' Statement of undisputed facts.

14. Admit.

15. Denied. Plaintiffs did not oppose Motion in Limine as they had no evidence regarding Medicare Fraud investigation versus Booth **as same was sealed/confidential,** and defendants represented in Motion in Limine that was "irrelevant" to plaintiffs' claims - see plaintiffs' Statement of Undisputed Facts and Brief.

16. Admit.

17. Denied. Defendants admitted Cooney condition was vascular injury that occurred during knee replacement surgery rather then "blood clot" which plaintiffs asserted was falsely represented. Thus, plaintiffs' action proceeded for medical malpractice, violation of informed consent, and lack of consent, ie. battery.

18. Admit.

19. Admit - except plaintiffs only appealed Battery charges.

20. Denied - plaintiffs filed Motion for Fraud and Fraud on the Court in that defendants fraudulently failed to disclose pending Medicare Fraud investigation.

21. Denied in that plaintiffs alleged defendants committed fraud by purposefully and intentionally failing to disclose critical evidence in that Booth was being investigated for Medicare Fraud for having residents perform surgery

without the presence of Booth and by producing false and fraudulent documents and evidence at trial.

22-26. Admit.

27. Denied. The Third Circuit only affirmed the district judge as to plaintiffs' Motion for Fraud being beyond the one year F.R.C.P. 60 (b) statute of limitations. There further determination by Third Circuit as the Plaintiffs Motion for Fraud and thus no determination on the merits. The Third Circuit also found, however, plaintiffs' Motion for Fraud on Court, contrary to trial judge, to be within savings clause, however, deemed Motion for Fraud on Court to be without merit. Thus, while there is no preclusive effect to plaintiffs' Motion for Fraud, there is preclusive effect to plaintiffs' Motion for Fraud on the Court.

28. Admit - action is for Legal and Equitable Fraud.

29. Denied in that plaintiffs also allege that defendants fraudulently failed to disclose the pending Medicare Fraud investigation versus Booth and that same was critical to plaintiffs' battery claims.

30-31. Denied in that the Medicare Fraud investigation was pending at the time of March, 2001 Cooney trial and that defendants fraudulently concealed same from plaintiffs. This information was critical to plaintiffs' battery claims. Only defendants had access to the Medicare Fraud investigation as it was **sealed/confidential**. On June, 2002, plaintiffs discovered the Office of Inspector General had filed a Medicare Fraud Complaint and Settlement/Integrity Agreements versus Booth in August, 2001 -- months after Cooney trial. See Plaintiffs Undisputed Facts and corresponding Appendix (letters from Eastern District of Pennsylvania and Washington, D.C. law firm).

32. Denied - plaintiffs have evidence when discovered Medicare Fraud investigation, see plaintiffs' Certification and Appendix, including dated Internet

document June, 2002, envelope from Washington D.C. law firm dated July, 2002 and July, 2002 letter from Eastern District of Pennsylvania.

33-38. Denied.

39. Denied - denial of plaintiffs' Motion to Set Aside Judgment for fraud was not on the merits but based on expiration of F.R.C.P. 60 (b) one year statute of limitations regarding motions for fraud. R. 60 (b) provides that if motion statute limitations has expired, plaintiffs may bring independent action for fraud. Plaintiffs bring both Legal and Equitable Fraud actions. See Legal Argument, Brief.

40. Denied - Plaintiffs' Statement of Undisputed Facts and Appendix establishes that neither Booth nor Bartolozzi performed Cooney's knee replacement surgery. Plaintiffs still do not know who performed Cooney's surgery - see plaintiffs' Statement of Undisputed Facts and Brief.

41- 71. Denied. See plaintiffs' Statement of Undisputed Facts and Brief.

In support of plaintiffs' motion for summary judgment plaintiffs rely on attached brief, affidavit of undisputed facts, and other designated evidence in Appendix.

WHEREFORE, for all the foregoing reasons, plaintiffs respectfully request that this Court deny defendants' Motion for Summary Judgment and grant plaintiffs' Motion for Summary Judgment, and grant plaintiffs' request to supplement Appendix when receive Protective Order from this Court.

ORAL ARGUMENT IS HEREBY REQUESTED.

*/s/ Helen E. Cooney Mueller*

Helen E. Cooney Mueller (HCM 4226)
Attorney for Plaintiffs
11 Susan Avenue, Wayne, New Jersey 07470
(973) 633-8021
helenelmueller@yahoo.com

Dated: August 24, 2005

## CERTIFICATION OF SERVICE

I hereby certify that on August 24, 2005, I forwarded by electronic filing, plaintiffs' Cross-Motion for Summary Judgment, Brief, Table of Contents for Appendix, and proposed Order. I also forwarded a hard copy of the Appendix to Clerk's office for e-filing as the Appendix is too large to e-file. I also forwarded a hard copy of all of the above to attorney for defendants, David L. Gordon, Esq., at O'Brien & Ryan, Hickory Pointe, 2250 Hickory Pointe Road, Suite 300, Plymouth Meeting, Pennsylvania, 19462-1047; and courtesy hard copies to the Honorable Ronald J. Hedges and Honorable Jose Linares.

*Helen E. Cooney Mueller*

Helen E. Cooney Mueller (HCM 4226)

2005 AUG 25 P 3: 29
RECEIVED-CLERK
U.S. DISTRICT COURT