of UTN had not disclosed a number of key "facts" regarding his financial condition including, inter alia, that he was the subject of a sealed *qui tam* complaint and under investigation by the Federal government. Plaintiffs further allege that they became aware of these facts only after the sale of their stock was completed. They alleged that if defendants had timely disclosed this investigation, and other obstacles to the IPO, they would not have sold their stock to the defendants. Plaintiffs sued under the Securities Exchange Act of 1934, state securities law, and a variety of common law fraud, conspiracy, and negligent misrepresentation theories. Although the court granted defendants' motion to dismiss the fraud claims under 15 U.S.C. § 78u-4(b)(1) and Rule 9(b) for failure to plead with sufficient particularity, the court granted plaintiffs leave to amend their complaint. Moreover, the court denied defendants' other motions to dismiss, finding that plaintiffs had, at this stage in the proceedings, otherwise stated valid claims. The court held that failing to disclose the Justice Department investigation could have significantly influenced the plaintiffs' decision to sell their stock.

This case, and another recent decision from the Sixth Circuit Court of Appeals, *McCall v. Scott*, No. 99-6387, 2001 WL 118037 (6th Cir. Feb. 13, 2001) should remind counsel that FCA cases, including sealed *qui tam* cases which result in DOJ investigations under the FCA, may become the basis for potential liability over and above any liability arising under the False Claims Act. In *McCall*, the Sixth Circuit reinstated a derivative action that was filed against current and former directors of Columbia/HCA, after Columbia's stock price declined significantly in the wake of news that Columbia was under investigation for alleged Medicare and Medicaid Fraud. *See* FraudMail Alert No. 01-02-15. The Sixth Circuit concluded that the Columbia Board's purported inaction in the face of alleged "red flags" of potential fraud was sufficient to allow the shareholder suit to move forward. One of those alleged "red flags" was a *qui tam* suit in which the DOJ had declined to intervene.

Both the *Rosen* and the *McCall* decisions suggest that board members and other corporate decision-makers faced with potential claims under the False Claims Act must be careful to consider disclosure of potential FCA liability in order to avoid additional liability for claims under securities laws. *See* Karl A. Groskaufmanis, Matt. T. Morley, and Michael J. Rivera, "To Tell or Not to Tell: Reassessing Disclosure of Uncharged Misconduct", *Insights*, June 1999, at 9.

If you have questions regarding this area, or would like a copy of the decisions discussed, please contact us at fraudmail@friedfrank.com or (202) 639-7220.

John T. Boese

84

Fried, Frank, Harris, Shriver & Jacobson
Washington, D.C.

| 21st Century Money, Banking & Commerce Alert | Antitrust and Competition Alert | Fried Frank Government Contracts Alert |
| --- | --- | --- |
| Fair Lending Alert | FraudMail Alert | SecMail |

Disclaimer. Terms of Service. LLP. Last updated: September 8, 2003 .
Copyright © 2000-2004 Fried, Frank, Harris, Shriver & Jacobson LLP. All rights
reserved. "Fried Frank" and "FFHSJ" are trademarks of Fried, Frank, Harris, Shriver &
Jacobson LLP.

12/13/2004
85

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7100*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

Requester:  **Helen Mueller**

Request Number:  **05-1692-R**

Government Component that referred material:  **Dept. of Justice/ Civil Division**

Dear Requester:

  This is in reply to your Freedom of Information Act/Privacy Act request of **May 26, 2005**
Records were referred to us by the government component above for direct response to you.

  The referred material has been considered under both the FOIA and the Privacy Act to
provide you the greatest degree of access. Exemptions have been applied when deemed
appropriate either for withholding records in full or for excising certain information. The
exemptions cited are marked below. An enclosure to this letter explains the exemptions in more
detail.

   Section 552              Section 552a

| | | | |
|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | [  ] (j)(2) |
| [  ] (b)(2) | [ **X** ] (b)(5) | [ **X** ] (b)(7)(C) | [  ] (k)(2) |
| [  ] (b)(3) | [  ] (b)(6) | [  ] (b)(7)(D) | [  ] (k)(5) |
| _____ | [  ] (b)(7)(A) | [  ] (b)(7)(E) | [  ] _____ |
| _____ | | [  ] (b)(7)(F) | |

  We have reviewed **10** page(s) of material:

____ page(s) are being released in full (RIF);
____ page(s) are being released in part (RIP);
**10** page(s) are withheld in full (WIF) and
____ pages were duplicate copies of material already processed.

  You may appeal my decision to withhold records in this matter by writing within sixty
(60) days from the date of this letter, to:

     Office of Information and Privacy
     United States Department of Justice
     Flag Building, Suite 570
     Washington, D.C. 20530

  Both the envelope and letter of appeal must be clearly marked "Freedom of Information
Act/Privacy Act Appeal."

              (Page 1 of 2)
              Form No. 024 - 11/02

86

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

This is the final action this office will take concerning your request.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)



**McCANN &
GESCHKE**
ATTORNEYS AT LAW
A Professional Corporation

1 July 2005

Helen E. Cooney-Mueller, Esquire
11 Susan Avenue
Wayne, NJ 07470

Re:   **Cooney v. Booth, et al.
      U.S.D.C. (D.NJ.) CV 04-1272**

Dear Ms. Mueller:

I enclose herein the Objections of Graduate Hospital to Subpoena Served on June 21, 2005.

It is estimated that the costs associated with retrieval and production of the records requested are approximately $250.00.  We are in the process of requesting the retrieval of the documents so that the identification of the charts and the necessary redaction process can be effectuated.

Even though we have commenced the production process, please note that my concerns relative to the HIPAA objections lodged in response to the subpoena must be addressed.  Your previous handwritten note of June 17, 2005 in which you suggested that I undertake to speak to Mr. Peel and request patient addresses is not a task which I will complete.  Rather, as you have served the subpoena, any and all HIPAA requirements which must be satisfied prior to production are yours to accomplish.

Please contact me should you have any questions with regard to the foregoing.

Very truly yours,

Andrew S. Kessler

cc:   Paul E. Peel, Esquire

88

# O'BRIEN & RYAN, LLP
### —— ATTORNEYS AT LAW ——

Hickory Pointe
2250 Hickory Road, Suite 300
Plymouth Meeting, PA 19462-1047
Main: (610) 834-8800
Fax: (610) 834-1749
www.obrlaw.com

Paul E. Peel
Direct Dial: (610) 834-4225
Email: ppeel@obrlaw.com

July 12, 2005

*Via Facsimile and First Class Mail*
Helen E. Cooney Mueller, Esquire
*Cooney & Mueller*
11 Susan Avenue
Wayne, New Jersey 07470

RE:     Cooney v. Booth, M.D., *et al.*
        Docket No.: C-04-1272 (JLL)
        Our File No.: 55034

Dear Mrs. Cooney-Mueller:

        I have received your letter, dated July 6, 2005, wherein you request that we provide you with "a list of the names and addresses of all [defendants'] surgery patients on February 26, 1998." Please be advised that we cannot comply with your request for the reasons set forth in defendants' responses to plaintiffs' Amended Demand for Documents. Specifically, the disclosure of the names of defendants' former patients would violate the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C.A. § 1320d-1, *et seq.*, as well as general principles of patient confidentiality. Moreover, in any event, I have been advised that my clients do not possess this information in their database.

        Finally, I am confused as to why you are requesting the names of these patients in light of your assertion in your letter to me, dated February 22, 2005, that you "already have the names and procedures of the other patients on February 26, 1998." Certainly, you were not misrepresenting your possession of this information in your earlier letter in an effort to deceive us into divulging confidential information under the guise that any privacy concerns were moot, were you?

        As always, please feel free to contact me should you wish to discuss this matter further.

                                        Very truly yours,

                                        PAUL E. PEEL

*89*

FREDERICK W. KLEPP, ESQ.
402 Park Boulevard
Cherry Hill, New Jersey, 08002
(856) 663-3344
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Plaintiff (s)

ELEANOR M. COONEY, As Executrix
of the Estate of Daniel T. Cooney, Jr.,
Deceased, and ELEANOR M. COONEY,
ELEANOR SCHIANO, HELEN E. COONEY
MUELLER, DANIEL T. COONEY, III and
ROBERT COONEY, individually,

DOCKET NO.: 00CV1124

vs.

Defendant (s)

ROBERT E. BOOTH, JR., M.D., ARTHUR R.
BARTOLOZZI, M.D., DAVID McHUGH, D.O.
(fictitious first name), DAVID G. NAZARIAN, M.D.,
JOHN DOE, M.D. (fictitious name), BOOTH,
BARTOLOZZI, BALDERSON, PENN
ORTHOPAEDICS, Corporation, MARK
MANTELL, M.D., RECOVERY ROOM STAFF,
JANE DOE, JOHN ROE, ET AL (fictitious names)
GRADUATE HOSPITAL (formerly Allegheny
Graduate Hospital), PENNSYLVANIA
HOSPITAL, and ROBERT E. BOOTH, JR., M.D.
and MARK MANTELL, M.D., personally.

*CIVIL ACTION*

MEDICAL MALPRACTICE
WRONGFUL DEATH
INTENTIONAL BATTERY
INFORMED CONSENT
FRAUD, ET AL.

**AMENDED COMPLAINT**

Plaintiff, Eleanor M. Cooney, residing at 8 Erli Street, Township of Wayne, County of

Passaic, State of New Jersey, wife, and executrix of the estate of DANIEL T. COONEY,

90

Jr., deceased.  Plaintiffs, Eleanor Schiano, Helen Cooney Mueller, Daniel T. Cooney, III,

and Robert Cooney, residing at 11 Susan Avenue, Township of Wayne, County of

Passaic, State of New Jersey, 45 Swiss Terrace, Township of Wayne, County of Passaic,

State of New Jersey and 8 Erli Street, Township of Wayne, County of Passaic, State of

New Jersey, respectively, complaining of the defendant alleges as follows:

## FIRST COUNT

### I.

Plaintiff, Eleanor M. Cooney, is the widow and  executrix of the last will and

testament of Daniel T. Cooney, Jr., deceased, with authority to bring the within action,

copy  attached.  Plaintiffs, Eleanor Schiano, Helen Cooney Mueller, Daniel T. Cooney, III,

and Robert Cooney are the children of Daniel T. Cooney, Jr., deceased, and bring this

action on their own behalf.  All Plaintiffs are residents of the Township of Wayne, County

of Passaic, State of New Jersey, as stated above.

### II

The defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David

McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D.

(fictitious name) are physicians/surgeons, duly licensed by the State of Pennsylvania, with

an office, and operating and recovery room space, at 800 Spruce Street, Philadelphia,

Pennsylvania, located within Pennsylvania Hospital, Philadelphia, Pennsylvania,

specializing in orthopaedics.  Defendants were originally located at said Pennsylvania

Hospital, Philadelphia, Pennsylvania.  Defendants then relocated to Allegheny Graduate

Hospital, Philadelphia, Pennsylvania with an office and operating and recovery room

space, and have currently transferred back to Pennsylvania, Hospital, Philadelphia,

Pennsylvania with said office and operating and recovery room space.  During the times

*91*

mentioned throughout the within complaint, defendants' offices, and operating and recovery room space, were located within Pennsylvania Hospital, at Spruce Street, Philadelphia, Pennsylvania and at Allegheny Graduate Hospital, located at Lombard Street, Philadelphia, Pennsylvania.

## III

Defendant, Mark Mantell, M.D., is a physician/surgeon, duly licensed by the State of Pennsylvania, with an office at 1800 Lombard Street, Suite 901, Pepper Pavilion, Philadelphia, Pennsylvania, specializing in vascular surgery.

## IV

At all times mentioned in this complaint, defendant Robert E. Booth, Jr., M.D. held himself out to the public as a competent and skillful physician, surgeon, and specialist in the field of orthopaedic knee replacement surgery and, therefore, owed a higher degree of due care and skill with respect to the matters alleged in this complaint.  It is on information and belief that defendants, Arthur R. Bartolozzi, M.D., David McHugh, D.O. (first name fictitious), David G. Nazarian, M.D., and John Doe, M.D. (fictitious name) are not experts in the area of knee replacement surgery but nevertheless also owed a duty of physician/surgeon due care and skill with respect to the matters alleged in this complaint. Defendant, Mark Mantell, M.D., held himself out to the public as competent and skillful physician, surgeon and specialist in the field of vascular surgery and, therefore, owed a higher degree of due care and skill with respect to the matters alleged in this complaint.

## V

Defendant, Booth, Bartolozzi, Balderston, Penn Orthopaedics, (hereinafter "Penn Orthopaedics") is a professional corporation or other business entity organized pursuant to the laws of the State of Pennsylvania which operates as a medical group specializing in

*92*

orthopaedics with office, and operating and recovery room space, at Pennsylvania Hospital, 800 Spruce Street, Philadelphia, Pennsylvania. During the times mentioned throughout the within complaint, defendant had offices, with operating and recovery room space, at Pennsylvania Hospital, Spruce Street, Philadelphia, Pennsylvania, relocated to Allegheny Graduate Hospital, Lombard Street, Philadelphia, Pennsylvania with office and operating and recovery room space, and transferred back to Pennsylvania Hospital, Spruce Street, Philadelphia, Pennsylvania with office and operating and recovery room space.

## VI

At all times herein mentioned, the defendant, Graduate Hospital (formerly Allegheny Graduate Hospital and herein after referred to as Allegheny Graduate Hospital), was an entity organized to provide medical and surgical care, pursuant to the laws of the State of Pennsylvania, and operated a hospital, located at One Graduate Plaza, Philadelphia, Pennsylvania.   On information and belief, and at all times herein mentioned, the defendant, Allegheny Graduate Hospital, leased or rented space to defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David G. Nazarian, M.D., David McHugh, D.O. (fictitious first name), John Doe, M.D. (fictitious name), and defendant corporation, Booth, Bartolozzi, Balderson, Penn Orthopaedics, and gave said defendants and defendant Mark Mantell, M.D., authority to act as its agents, servants and employees to treat, diagnose, evaluate and perform surgery on patients including Daniel T. Cooney, Jr., deceased.

## VII

The defendants,  recovery room staff, Jane Doe, John Roe, et al, (fictitious names) are physicians, surgeons, nurses and/or other medical staff who are associated with and employed by any of the named defendants, whose identities are unknown, and who treated the plaintiff between February 26, 1998 and April 29, 1998.

93

## VIII

At all times herein mentioned, the defendant, Pennsylvania Hospital, was an entity organized to provide medical and surgical care, pursuant to the laws of the State of Pennsylvania, and operated a hospital, located at 800 Spruce Street, Philadelphia, Pennsylvania.  On information and belief, and at all times herein mentioned, the defendant, Pennsylvania Hospital, leased or rented space to defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David G. Nazarian, M.D., David McHugh, D.O. (fictitious first name), John Doe, M.D. (fictitious name), and defendant corporation, Booth, Bartolozzi, Balderson, Penn Orthopaedics, and gave same authority to act as its agents, servants and employees to treat, diagnose, evaluate and perform surgery on patients including Daniel T. Cooney, Jr., deceased.

## IX

The grounds upon which the jurisdiction of this court depends are that this is an action between citizens of the State of New Jersey and citizens of the State of Pennsylvania.  The plaintiffs are citizens of the State of New Jersey and the defendants are citizens of the State of Pennsylvania.  Defendant, Booth Bartolozzi, Balderston, Penn Orthopaedics is a corporation created and existing under and by virtue of the laws of Pennsylvania and has its principal office for the transaction of its business at 800 Spruce Street in the City of Philadelphia, State of Pennsylvania.  Jurisdiction of this action is conferred on this Court by Title 28, United States Code, Section 1332.  The matter in controversy exceeds the jurisdictional minimum as set forth in Title 28, United States Code, Section 1332.

## X

This claim arose on February 26, 1998 and is more fully set forth below.

*94*

## XI

Plaintiffs charge that defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, defendant Recovery Room Staff, Jane Doe, John Roe, et al (fictitious names), defendant Mark Mantell, M.D., and defendant Allegheny Graduate Hospital committed gross negligence and medical malpractice on Daniel T. Cooney, Jr. resulting in his death on April 29, 1998.

## XII

In or about 1997, Daniel T. Cooney, Jr., deceased, received through the mail a brochure from defendant, Robert E. Booth, Jr., M.D., and defendant, Pennsylvania Hospital, in which Dr. Booth was advertised as an expert in knee replacement surgery. The article detailed defendant's expertise in knee replacement surgery.  The article stressed Dr. Booth's unique patented instruments and knee replacement designs and that his operating procedure virtually eliminates risks and creates an "extremely safe and effective operation particularly for the very elderly."

## XIII

Relying on said article as detailed above, in or about 1997, Daniel T. Cooney, Jr., deceased, traveled two and a half hours out of state from Wayne, New Jersey to Pennsylvania Graduate Hospital, Philadelphia, Pennsylvania to meet with expert, Robert E. Booth, Jr., M.D., regarding possible left knee replacement surgery.  Dr. Booth informed Mr. Cooney that he was an excellent candidate for total left knee replacement surgery and that he (Robert E. Booth, Jr., M.D.) would be personally performing the surgery.

95

## XIV

On February 26, 1998, Mr. Cooney again traveled two and a half hours out of state to Allegheny Graduate Hospital (Robert E. Booth, Jr., M.D. was then located at Allegheny Graduate Hospital) located in Philadelphia, Pennsylvania to have left knee replacement surgery. On said date, total left knee replacement surgery was performed on Mr. Cooney by one of the above named defendants whose identity is still unknown to the plaintiffs.

## XV

On the date of the aforementioned left knee replacement surgery, defendant surgeon, or other defendant medical staff performing the surgery, negligently and carelessly injured the main artery, popliteal artery, behind Mr. Cooney's knee. Said defendant surgeon or other medical staff then negligently and carelessly proceeded to suture the incision negligently failing to recognize the vascular injury to Mr. Cooney's main artery behind the knee and in fact leaving same unattended.

## XVI

Immediately following the surgery, Mr. Cooney's left foot/leg became purple, cold, and devoid of a normal pulse. Defendants, Robert E. Booth, Jr, M.D, Arthur R. Bartolozzi, M.D., David McHugh, D.O., M.D. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, defendant Recovery Room staff, Jane Doe, John Roe, et al (fictitious names), defendant Allegheny Graduate, and defendant Mark Mantell, M.D., negligently failed to diagnosis the vascular injury caused by orthopaedic defendants and recklessly and without regard for human life, virtually ignored Mr. Cooney's symptoms and in fact abandoned him in the recovery room. Hours elapsed as Mr. Cooney bled from

96

within due to orthopaedics defendants' negligence in the severing of the artery behind the knee during knee placement surgery. Defendants were grossly negligent and reckless in their failure to diagnosis, monitor and attend to the vascular injury to Mr. Cooney caused by the defendants. Defendants were grossly negligent and reckless in their failure to employ qualified and appropriate specialists to consult or attend to Mr. Cooney under the circumstances.

## XVII

In the evening following Daniel T. Cooney's knee replacement surgery, Mr. Cooney's cardiologist walked into the recovery room to check on his patient. Said cardiologist was negligently and recklessly informed by defendants' recovery room staff that Mr. Cooney's "purple and cold foot" was normal. At this juncture, an orthopaedic defendant was summoned. Defendant, David G. Nazarian, M.D, appeared. Dr. Nazarian has no expertise in knee replacement surgery. Nevertheless, said defendant negligently, and with reckless disregard for the apparent injury failed to diagnosis, failed to obtain proper specialists/consultants, and in fact negligently and recklessly abandoned Daniel T. Cooney, Jr. in the recovery room. Said orthopaedic defendant, additional orthopaedic defendants and defendants' recovery room staff negligently failed to diagnose Mr. Cooney's condition, failed to employ qualified and appropriate specialists to consult or attend to the injury, and negligently and recklessly ignored Mr. Cooney's symptoms and in fact abandoned him while in recovery. Mr. Cooney's cardiologist was left to handle the situation and immediately contacted a vascular surgeon, defendant Mark Mantell, M.D.

## XVIII

Defendants', Mark Mantell, M.D. and Allegheny Graduate Hospital negligently and recklessly further delayed in failing to diagnosis and attend to Mr. Cooney's vascular injury caused by orthopaedic defendants. Defendant, Mark Mantell, M.D., eventually

*97*

negligently, and without regard for human life, proceeded to operate on Daniel T. Cooney, Jr.'s vascular injury caused by orthopaedic defendant's negligence for approximately eight hours. However, due to all defendants' negligent and reckless failure to diagnosis and attend to the vascular injury committed by orthopaedic defendants and the reckless abandonment of same by said defendants, too much time had elapsed for survival from a vascular injury of this severity. The injury to Daniel T. Cooney from orthopaedic defendants injury to his vascular artery and all defendants' negligent and reckless failure to diagnosis, recognize and promptly attend to same was irreparable. Due to orthopaedic defendants' gross and reckless negligence in the injury of Mr. Cooney's artery during knee replacement surgery and all defendants' reckless and negligent failure to recognize same, monitor, diagnosis, call in timely specialists, call in timely medical testing, perform timely and adequate and proper surgery, etc., the damage to Mr. Cooney was fatal.

## XIX

On the date of Daniel T. Cooney's knee replacement surgery, the defendants negligently, carelessly and recklessly deviated from accepted standards of medical care in that they injured Mr. Cooney's artery, failed to recognize same, failed to monitor, abandoned Mr. Cooney in recovery, failed to properly diagnose condition, failed to timely employ qualified and appropriate specialists to consult or attend to Mr. Cooney under the circumstances, failed to employ qualified and appropriate specialists to consult or attend to Mr. Cooney under the circumstances, failed to conduct in a timely or proper fashion necessary or adequate diagnostic tests or surgical procedures, failed to perform timely and adequate and proper surgery, failed to diagnose and treat prior existing conditions of Daniel T. Cooney, Jr., failed to recognize prior existing conditions of Daniel T. Cooney, Jr., which conditions should have been addressed before proceeding with the knee replacement surgery, and failed to otherwise exercise due care with respect to the care and

*98*

treatment of Daniel T. Cooney's condition.  The defendants' gross and reckless negligence was so egregious that it defies basic common sense.

## XX

As a direct and proximate result of the negligence, carelessness and recklessness of the defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, defendant Mark Mantell, M.D., defendant Allegheny Graduate Hospital, and defendant Recovery Room staff, Jane Doe, John Roe, et al (fictitious names), as described above, Daniel T. Cooney, Jr., suffered severe physical pain and mental suffering, loss, injury, damage and death.  Mr. Cooney never left Allegheny Graduate Hospital following the knee replacement surgery on February 26, 1998 and as a direct and proximate result of the negligence and recklessness of the defendants, Mr. Cooney died in Allegheny Graduate Hospital on April 29, 1998. Daniel T. Cooney, Jr. incurred medical and hospital expenses for his care and treatment in the hospital prior to his death, and incurred funeral and burial expenses.

## XXI

As a further direct and proximate cause of the gross negligence, carelessness and recklessness of defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, defendant, Mark Mantell, M.D., defendant Allegheny Graduate Hospital, and defendant Recovery Room staff, Jane Doe, John Roe, et al (fictitious names), as

described above, plaintiffs, Eleanor M. Cooney, Eleanor Schiano, Helen E. Cooney Mueller, Daniel T. Cooney, III, and Robert Cooney suffered extreme emotional and mental suffering and anguish.

Wherefore, plaintiffs demand judgment on this Count against the defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderson, Penn Orthopaedics, defendant Mark Mantell, M.D., defendant Allegheny Graduate Hospital, and defendant Recovery Room staff, Jane Doe, John Doe, et al (fictitious names) individually, jointly, severally and alternatively for damages in the amount of $20,000,000.00, or such greater amount as may be appropriate, with interest as provided by law, and costs and disbursements of this proceeding.

## SECOND COUNT

### I

The plaintiffs repeat and reallege each and every allegation of the First Count as if fully set forth herein at length.

### II

Plaintiffs charge that the defendant, Robert E. Booth, Jr., M.D., committed an intentional battery on Daniel T. Cooney, Jr. and/or violated the doctrine known as "informed consent." The defendant negligently, maliciously and willfully deviated from accepted standards of the medical profession in concealing the identity of the surgeon who performed the knee replacement surgery on Daniel T. Cooney, Jr.. Dr. Booth not only concealed the identity of said surgeon but in fact outrageously and purposefully defrauded and deceived Daniel T. Cooney, Jr. and plaintiffs into believing that he, Dr. Booth, would

/00

be personally performing the knee replacement surgery on Daniel T. Cooney, Jr.. Robert E. Booth, Jr., M.D. did not perform the knee replacement surgery on Daniel T. Cooney, Jr., but in fact permitted another defendant surgeon or defendant medical staff to perform said surgery on Mr. Cooney without Mr. Cooney's consent. The identity of the defendant surgeon or defendant medical staff who in fact performed the knee replacement surgery on Mr. Cooney is still unknown to the plaintiffs. Defendant, Robert E. Booth, Jr., M.D. has violated the doctrine commonly known as "informed consent" and in fact committed an intentional battery on Daniel T. Cooney, Jr.

### III

Plaintiffs charge that defendant, Robert E. Booth, Jr., M.D., not only negligently but outrageously and willfully deviated from the accepted standards of the medical profession in failing to inform, advise, disclose, or warn Daniel T. Cooney, Jr., of the risks associated with the operative procedure and post-operative care and treatment that were ultimately performed on Daniel T. Cooney, Jr., and the complications attendant thereto, thus vitiating any consent on the part of Daniel T. Cooney, Jr. Defendant, Robert E. Booth, Jr., M.D., violated the doctrine commonly known as "informed consent."

### IV

Plaintiffs charge that defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, defendant Recovery Room staff, Jane Doe, John Roe, et al, (fictitious names), negligently, maliciously and willfully concealed information and falsely, outrageously and purposefully lied to Daniel T. Cooney, Jr. and plaintiffs regarding the vascular injury to Daniel T. Cooney, Jr. caused by the defendants, thereby preventing Mr.

101

Cooney and plaintiffs from making an informed decision regarding Mr. Cooney's medical condition.

On February 26, 1998, the date of Daniel T. Cooney, Jr.'s knee replacement surgery, plaintiffs, Eleanor M. Cooney and Helen E. Cooney Mueller, were instructed to wait in the waiting room with other family members of additional patients to receive a phone message from the defendant, Dr. Booth, immediately following Mr. Cooney's surgery. Said plaintiffs waited in the waiting room since approximately 1:00 p.m. for word regarding Mr. Cooney. As 5:00 p.m. approached the packed waiting room was empty as all other family members of the additional patients had already met with the defendant or received their telephone call as to their family member's status. Plaintiffs never heard from defendant, Dr. Booth, or any other medical staff as to Mr. Cooney's status. At 5:00 p.m., one of the receptionists informed the plaintiffs that they must have patience since Dr. Booth had 30 knee replacement operations scheduled that day. At 6:00 p.m., the receptionists had left for the day and the waiting room was empty except for the plaintiffs. Plaintiffs eventually located a hospital employee and inquired as to Mr. Cooney's status. They were taken to the recovery room reception area and were informed by defendants' recovery room staff that he was quote doing "fine." Plaintiffs were not permitted to see Mr. Cooney. The plaintiffs returned home to New Jersey and contacted by telephone defendants' recovery room staff for Mr. Cooney's status. Plaintiffs were informed that Mr. Cooney had a "blood clot" and that he would be proceeding to surgery. Defendants', recovery room staff, falsely, willfully and egregiously lied to the plaintiffs as they were knowingly aware that Mr. Cooney did not have a "blood clot" but rather suffered from a vascular injury caused by the defendants. On the morning of February 27, 1998, plaintiffs, Eleanor M. Cooney, Helen E. Cooney Mueller, and Eleanor Schiano, met by chance with defendant, Dr. Booth, who willfully, falsely and egregiously lied to said plaintiffs informing them that Mr. Cooney had suffered from a "blood clot."

/02

Defendants negligently, willfully and egregiously concealed critical information from Mr. Cooney and plaintiffs as to the true cause and nature of Daniel T. Cooney Jr.'s medical condition caused by the defendants, and in fact falsely, maliciously and egregiously lied to the plaintiffs regarding the true nature and cause of Daniel T. Cooney, Jr.'s medical condition, thereby preventing Daniel T. Cooney and the plaintiffs from making an informed decision regarding Mr. Cooney's medical condition. Defendants have violated the doctrine commonly known as "informed consent."

## V

Plaintiffs charge that defendants, Robert E. Booth, Jr., M.D. and Allegheny Graduate Hospital, negligently, willfully and maliciously subjected Daniel T. Cooney, Jr. to a substantially increased risk of harm. On February 26, 1998, the date of Daniel T. Cooney, Jr.'s knee replacement surgery, Dr. Booth scheduled approximately thirty (30) knee replacement operations. Defendants failed to disclose, advise and warn Daniel T. Cooney, Jr. of said schedule and risk in being one of thirty scheduled operations in one day thus preventing Mr. Cooney from making an informed decision as to whether to proceed with the knee replacement surgery on said date. Defendants violated the doctrine commonly known as "informed consent."

## VI

Plaintiffs charge that the defendant, Mark Mantell, M.D., committed an intentional battery on Daniel T. Cooney, Jr. and/or violated the doctrine known as "informed consent." Said defendant negligently, maliciously and willfully deviated from accepted standards of the medical profession in failing to obtain valid consent with regard to the vascular surgery performed on Daniel T. Cooney, Jr. Further, plaintiffs charge that the defendant, Mark Mantell, M.D., negligently, outrageously and willfully deviated from the accepted standards of the medical profession in failing to inform, advise, disclose, or warn

103

Daniel T. Cooney, Jr. and the plaintiffs, of the risks, choices and options associated with the operative procedure and post-operative care and treatment that were ultimately performed on Daniel T. Cooney, Jr. and the complications attendant thereto, thus vitiating any consent on the part of Daniel T. Cooney, Jr. Defendant, Mark Mantell, M.D., violated the doctrine commonly known as "informed consent" and committed an intentional battery on Daniel T. Cooney, Jr.

## VII

Plaintiffs charge that defendant Mark Mantell, M.D., negligently, maliciously and willfully concealed and purposefully misrepresented the true nature of Daniel T. Cooney, Jr.'s medical condition to Daniel T. Cooney, Jr., the plaintiffs and throughout operational medical reports generated by said defendant, thereby preventing Daniel T. Cooney, Jr. and the plaintiffs from making an informed decision regarding Mr. Cooney's medical condition. Defendant, Mark Mantell, M.D. has violated the doctrine commonly known as "informed consent."

## VIII

As a further direct and proximate result of defendants', Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, defendant Recovery Room staff, Jane Doe, John Roe, et al (fictitious names), defendant Mark Mantell, M.D., and defendant Allegheny Graduate Hospital, outrageous and willful conduct, as described above, Daniel T. Cooney, Jr., suffered severe physical pain and mental suffering, loss, injury, damage and death. Mr. Cooney never left Allegheny Graduate Hospital following the knee replacement surgery on February 26, 1998 and as direct and proximate result of defendants' egregious and willful conduct, Mr. Cooney died in Allegheny Graduate

104

Hospital on April 29, 1998.  Daniel T. Cooney, Jr. incurred medical and hospital expenses for his care and treatment in the hospital prior to his death, and incurred funeral and burial expenses.

## IX

As a further direct and proximate cause of defendants', Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderson, Penn Orthopaedics, defendant Recovery Room staff, Jane Doe, John Roe, et al (fictitious names), defendant, Mark Mantell, M.D., and defendant Allegheny Graduate Hospital, egregious and willful conduct, as described above, plaintiffs, Eleanor M. Cooney, Eleanor Schiano, Helen E. Cooney Mueller, Daniel T. Cooney, III, and Robert Cooney suffered extreme mental suffering, anguish and distress.

Wherefore, plaintiffs demand judgment on this Count against defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, defendant Recovery Room staff, Jane Doe, John Roe, et al (fictitious names), defendant, Mark Mantell M.D., and defendant Allegheny Graduate Hospital, individually, jointly, severally, and alternatively for damages, including punitive damages, in the amount of $20,000,000.00, or such greater amount as may be appropriate, with interest as provided by law, and costs and disbursements of this proceeding.

## THIRD COUNT

### I

The plaintiffs repeat and reallege each and every allegation of the First and Second Counts as if fully set forth herein at length.

### II

Plaintiffs charge that the defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderson, Penn Orthopaedics, defendant Recovery Room staff, Jane Doe, John Roe, et al (fictitious names), defendant, Mark Mantell, M.D., defendant Allegheny Graduate Hospital, and defendant Pennsylvania Hospital, purposefully and maliciously committed fraud, intentional misrepresentation, and deception.

### III

Defendants, Dr. Booth and Pennsylvania Hospital lured Daniel T. Cooney, Jr. out of state from Wayne, New Jersey to Philadelphia, Pennsylvania through false advertising that was sent through the mail and further false pretenses and deception.   Defendant, Robert E. Booth, Jr., M.D., and other named defendants in this Count, repeatedly willfully and maliciously concealed information and purposefully, intentionally and outrageously misrepresented, deceived and lied to the plaintiffs regarding the true cause and nature of Daniel T. Cooney's medical condition.

106

IV

As a further direct and proximate results of defendants', Robert E. Booth, Jr.,
M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G.
Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth,
Bartolozzi, Balderston, Penn Orthopaedics, defendant Recovery Room staff, Jane Doe,
John Roe, et al (fictitious names), defendant Mark Mantell, M.D., defendant Pennsylvania
Hospital, and defendant, Allegheny Graduate Hospital, willful and outrageous fraud and
intentional misrepresentation, as described above, Daniel T. Cooney, Jr., suffered severe
physical pain and mental suffering, loss, injury, damage and death.  Mr. Cooney never left
Allegheny Graduate Hospital following the knee replacement surgery on February 26,
1998 and a direct and proximate result of defendants' egregious and willful conduct, Mr.
Cooney died in Allegheny Graduate Hospital on April 29, 1998.  Daniel T. Cooney, Jr.
incurred medical and hospital expenses for his care and treatment in the hospital prior to
his death, and incurred funeral and burial expenses.

V

As a further direct and proximate cause of defendants', Robert E. Booth, Jr., M.D.,
Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G.
Nazarian, M.D., John Doe, M.D. (fictitious names), defendant corporation Booth,
Bartolozzi, Balderston, Penn Orthopaedics, defendant Recovery Room staff, Jane Doe,
John Roe, et al (fictitious names), defendant Mark Mantell, M.D., defendant Pennsylvania
Hospital, and defendant Allegheny Graduate Hospital, willful and outrageous conduct, as
described above, plaintiffs, Eleanor M. Cooney, Eleanor Schiano, Helen E. Cooney
Mueller, Daniel T. Cooney, III, and Robert Cooney suffered extreme mental suffering,
anguish and distress.

/07

Wherefore, plaintiffs demand judgment on this Count against the defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, defendant Recovery Room state, Jane Doe, John Roe, et al (fictitious names), defendant Mark Mantell, M.D., defendant Pennsylvania Hospital, and defendant Allegheny Graduate Hospital, individually, jointly, severally, and alternatively for damages, including punitive damages, in the amount of $20,000,000.00, or such greater amount as may be appropriate, with interest as provided by law, and costs and disbursements of this proceeding.

## FOURTH COUNT

### I.

The plaintiffs repeat and reallege each and every allegation of the First, Second, and Third Counts as if fully set forth herein at length.

### II.

Plaintiffs charge that the defendant, Robert E. Booth, Jr., M.D., defendant corporation, Booth, Bartolozzi, Balderston, Penn Orthopaedics, and defendant Pennsylvania Hospital, committed Consumer Fraud pursuant to N.J.S.A. 56:8-2. The defendants lured Daniel T. Cooney, Jr. out of state from Wayne, New Jersey to Philadelphia, Pennsylvania through advertisement sent via mail for knee replacement surgery with Dr. Booth and his own patented instruments and devices. Through said advertisements, the defendants knowingly, purposefully and outrageously deceived, defrauded, made false promises, intentionally misrepresented, concealed and suppressed vital information from Daniel T. Cooney with the intent that Daniel T. Cooney, Jr. rely on same.

*108*

### III

As a further direct and proximate result of defendants', Robert E. Booth, Jr., M.D., defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, and defendant, Pennsylvania Hospital, violation of the New Jersey Consumer Fraud statute and outrageous and willful conduct, as described above, Daniel T. Cooney, Jr., suffered ascertainable monetary loss including but not limited to incurred medical and hospital expenses for his care and treatment in the hospital prior to his death, and incurred funeral and burial expenses.

### IV

As a further direct and proximate cause of defendants', Robert E. Booth, Jr., M.D., defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, and defendant Pennsylvania Hospital, willful, purposeful and outrageous violation of N.J.S.A. 56:8-2, as described above, plaintiff, Eleanor M. Cooney, suffered ascertainable monetary loss including but not limited financial support loss, medical and hospital expenses for Daniel T. Cooney, Jr. for his care and treatment in the hospital prior to his death and funeral and burial expenses.

Wherefore plaintiff, Eleanor M. Cooney demands judgment on this Count against defendant, Robert E. Booth, Jr., M.D., defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, and defendant Pennsylvania Hospital individually, jointly, severally and alternatively for damages, including treble damages, in the amount of $2,000,000.00 or such greater amount as may be appropriate with interest as provided by law, and costs and disbursements of this proceeding.

109

## FIFTH COUNT

### I

The plaintiffs repeat and reallege each and every allegation of the First, Second, Third, and Fourth Counts as if fully set forth herein at length.

### II

The plaintiffs charge that the defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D. David McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderston Penn Orthopaedics, defendant Recovery Room staff, Jane Doe, John Roe, et al (fictitious names), defendant Mark Mantell, M.D., defendant Pennsylvania Hospital, and defendant Allegheny Graduate Hospital, purposefully and egregiously inflicted extreme emotional distress on the plaintiffs, Eleanor M. Cooney, Eleanor Schiano, Helen E. Cooney Mueller, Daniel T. Cooney, III, and Robert Cooney.

### III

Defendants purposefully, intentionally and outrageously inflicted extreme emotional distress and anguish on the plaintiffs in that the defendants lured Daniel T. Cooney, Jr. and plaintiffs from Wayne, New Jersey to Philadelphia, Pennsylvania, under false pretenses, intentional misrepresentation and fraud. The defendants repeatedly purposefully misrepresented, deceived and lied to the plaintiffs as to the true nature and cause of Daniel T. Cooney, Jr.'s medical condition which was in fact caused by the defendants. Due to defendants' intentional and outrageous actions, plaintiffs were forced to watch Daniel T.Cooney, Jr. suffer extreme physical and mental agony and his eventual death. Due to defendants' egregious and willful actions, plaintiffs have suffered extreme emotional distress and anguish and continue to suffer same.

110

## IV

As a further direct and proximate result of defendants', Robert E. Booth, Jr., M.D.,
Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G.
Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth,
Bartolozzi, Balderston, Penn Orthopaedics, defendant Recovery Room staff, Jane Doe,
John Roe, et al (fictitious name), defendant, Mark Mantell, M.D., defendant Pennsylvania
Hospital, and defendant Allegheny Graduate Hospital, willful and egregious actions, as
described above, plaintiffs, Eleanor M. Cooney, Eleanor Schiano, Helen E. Cooney
Mueller, Daniel T. Cooney, III, and Robert Cooney, suffered extreme mental distress and
anguish.

Wherefore, plaintiffs demand judgment on this Count against defendants, Robert
E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first
name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant
corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, defendant Recovery
Room staff, Jane Doe, John Roe, et al (fictitious names), defendant Mark Mantell, M.D.,
defendant Pennsylvania Hospital, and defendant Allegheny Graduate Hospital,
individually, jointly, severally, alternatively, for damages, including punitive damages, in
the amount of $10,000.000.00, or such greater amount as may be appropriate, with
interest as provided by the law, and costs and disbursements of this proceeding.

*111*

## SIXTH COUNT

### I

The plaintiffs repeat and reallege each and every allegation of the First, Second, Third, Fourth, and Fifth Counts as if fully set forth herein at length.

### II

On May 27, 1998, plaintiff, Eleanor M. Cooney, was named executrix by the Superior Court of New Jersey, Passaic County, of Daniel T. Cooney, Jr.'s last will and testament, which provided her with the authority to bring the within action to recover damages for the wrongful death of Daniel T. Cooney, Jr, deceased. A copy of plaintiff's Testamentary Certificate is attached to this complaint, marked Exhibit A, and incorporated by reference.

### III

Daniel T. Cooney, Jr., is survived by Eleanor M. Cooney, the surviving spouse of Daniel T. Cooney, Jr. Eleanor M. Cooney is entitled to take Daniel T. Cooney's testate personal property. Plaintiffs, Eleanor Schiano, Helen E. Cooney Mueller, Daniel T. Cooney, III, and Robert Cooney are the surviving children of Daniel T. Cooney, Jr.

### IV

As a further direct and proximate result of defendants' gross negligence and willful and outrageous actions and conduct, as described above, Eleanor M. Cooney has suffered pecuniary injury including the loss of Daniel T. Cooney Jr.'s financial support, companionship, advice, and guidance, and has incurred hospital, medical, and funeral expenses on behalf of Daniel T. Cooney, Jr. Plaintiffs, Eleanor Schiano, Helen E. Cooney

112

Mueller, Daniel T. Cooney, III, and Robert Cooney have lost the companionship, advice, and guidance of Daniel T. Cooney, Jr.

## V

This action was commenced within the two years of the date of Daniel T. Cooney, Jr's death.

Wherefore, plaintiffs demand judgment on this Count against the defendants, Robert E. Booth, Jr., M.D., Arthur R. Bartolozzi, M.D., David McHugh, D.O. (fictitious first name), David G. Nazarian, M.D., John Doe, M.D. (fictitious name), defendant corporation Booth, Bartolozzi, Balderston, Penn Orthopaedics, and defendant Recovery Room staff, Jane Doe, John Roe, et al (fictitious names), defendant Mark Mantell, M.D., defendant Allegheny Graduate Hospital, and defendant Pennsylvania Graduate Hospital, individually, jointly, severally, and alternatively, for damages, including punitive damages, in the amount of $25,000,000.00 or such great amount as may be appropriate, with interest as provided by law, and costs and disbursements of this proceeding.

## JURY DEMAND

Plaintiffs demand a trial by jury of the within issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Frederick W. Klepp, Esq. as Trial Counsel.

113